```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS FLAGG                   :      CIVIL ACTION
                               :
          v.                   :
                               :
CHEYNEY UNIVERSITY OF          :
PENNSYLVANIA et al.            :      NO. 21-3551
```

MEMORANDUM

Bartle, J.                                          May 10, 2022

Plaintiff Thomas Flagg, acting pro se, brings various claims under state and federal law against defendants: Cheyney University of Pennsylvania; Security, Police, Fire Professionals of America, Local 506 ("SPFPA"); and Frank Kelly. Before the court are motions of each defendant to dismiss Flagg's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I

When reviewing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and construes them in a light most favorable to the non-movant." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A mere formulaic recitation of the elements of a cause of action will not do. Twombly, 550 U.S. at 555. The factual allegations in the complaint must be sufficient to raise a right to relief beyond mere speculation such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

II

Flagg's suit arises out of his termination from his position as a Cheyney University police officer and the circumstances around the decision of SPFPA, his union, not to arbitrate his resulting grievance pursuant to a collective bargaining agreement.

The following facts are accepted as true for present purposes. Flagg was terminated from his position as a Cheyney University police officer following an altercation he had in 2009 with defendant Frank Kelly, a lieutenant of the same police force. Flagg was placed on administrative leave pending an investigation. He alleges that during the investigation, Kelly along with other Cheyney University police personnel "caused key video evidence" of their altercation to "be withheld and or

suppressed." Cheyney terminated Flagg at the conclusion of its investigation.

Flagg filed a grievance with SPFPA over his discharge. SPFPA processed and evaluated Flagg's claim despite not having video evidence of the altercation, which he claims would have "completely exonerated" him. At some point, Kelly along with the Cheyney University police chief sent a letter to SPFPA about Flagg's discharge in which they "attack[ed] [his] character." Ultimately, SPFPA declined to arbitrate Flagg's grievance.

In this suit, Flagg alleges that Cheyney wrongfully terminated him. He accuses SPFPA of improperly declining to arbitrate his discharge pursuant to the terms of a collective bargaining agreement. He also brings suit against Kelly over the letter he sent to SPFPA and Kelly's alleged role in "spoliation" of video evidence. To these ends, Flagg asserts in his complaint a variety of claims under state and federal law.[1]

---

1. Flagg's complaint includes the following causes of action: "Violation of Fourteenth Amendment right of the United States Constitution and Article 1 of The Pennsylvania Constitution to Freedom from deprivation of Life, Liberty, and Pursuant of Happiness"; "Violation of Substantive Due Process of Law of Fourteenth Amendment and Article 1 of the Pennsylvania Constitution Substantive Due Process Amendment"; "Breach of Duty to provide Fair Representation"; "Tortious Interference In Contractual Relations"; "Breach of Contract"; "Fraudulent and Deceptive Trade/Business Practice"; "Violation of 42 U.S.C. § 1983 (Defendant Cheyney-Passhe)"; "Failure to Intervene to Stop a Violation of Civil Rights"; "Denial of Due Process"; and "Conspiracy under the Color of State Law to Violate Plaintiffs' Constitutional Civil Rights and Other Right."

This is not the first time that Flagg has aired these claims. In November 2011 Flagg filed a petition for review in the Delaware County Court of Common Pleas against SPFPA. The court transferred the petition to the Commonwealth Court of Pennsylvania pursuant to the latter's original jurisdiction.

Flagg's petition to the Commonwealth Court contained four claims. Initially, he sued just SPFPA for violating its duty of fair representation for failing to pursue arbitration of his discharge grievance. In 2014 Flagg amended the petition to add as defendants Cheyney University and Frank Kelly. The Commonwealth Court described the claims he asserted in that action as "(1) breach of the duty of fair representation against [Cheyney University and SPFPA]; and (2) claims for tortious interference with contractual relations against [Kelly and SPFPA]." At some point, he amended his petition to include a claim against Kelly under 42 U.S.C. § 1983.

On June 25, 2020, the Commonwealth Court rejected each of these claims, granted the defendants' applications for summary relief, and dismissed Flagg's suit. See Flagg v. Int'l Union, Sec., Police, Fire Pros. of Am., Local 506, 641 MD 2011 (Pa. Commw. Ct. June 25, 2020). On March 25, 2021, the Supreme Court of Pennsylvania summarily affirmed the Commonwealth Court's judgment. 247 A.3d 1001 (Pa. 2021) (Mem.). It

subsequently denied his petition for rehearing.  Flagg filed his complaint in this court shortly thereafter.

## III

Each defendant has moved to dismiss Flagg's complaint because it is barred by principles of claim preclusion.  Claim preclusion, otherwise known as res judicata, prevents a plaintiff from bringing a claim against a defendant if the plaintiff previously litigated that claim against that defendant to a "final, valid judgment on the merits by a court of competent jurisdiction."  See Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995).  Although claim preclusion is an affirmative defense, a court may dismiss a complaint pursuant to Rule 12(b)(6) if it is evident on the face of the complaint that claim preclusion applies.  See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).  Furthermore, when reviewing defendants' assertion of claim preclusion, the court may take judicial notice of the record from Flagg's Pennsylvania court action.  See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988).

In determining whether claim preclusion applies, 28 U.S.C. § 1738 requires the court to give the same preclusive effect to the judgment in Flagg's prior Pennsylvania court action that a Pennsylvania court would give it.  Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548 (3d Cir.

2006). Under Pennsylvania law, claim preclusion bars a subsequent suit if it shares four factors with the prior suit: "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." In re Coatesville Area Sch. Dist., 244 A.3d 373, 379 (Pa. 2021); see also J.S. v. Bethlehem Area Sch. Dist., 794 A.2d 936, 939 (Pa. Commw. Ct. 2002).

It is apparent from the face of Flagg's complaint--which makes specific reference to his Pennsylvania state court case--that this suit is barred by claim preclusion. The Pennsylvania action culminated in a final judgment on the merits of his claim, and both that suit and this suit relate to the same underlying events. Both relate to Cheyney's termination of Flagg, SPFPA's handling of his grievance, and Kelly's perceived meddling. A Pennsylvania court would consider Flagg's causes of action here to be "identical" to those which he asserted in his prior suit because they relate to the same "subject matter" and "ultimate issues." J.S., 794 A.2d at 939. It does not matter that Flagg asserts some new legal theories in his complaint here. Under Pennsylvania law, claim preclusion bars not only claims that were actually litigated, but also "claims which could have been litigated during the first proceeding if they were part of the same cause of action." Balent, 669 A.2d at

-7-

313.  Furthermore, each of the defendants Flagg named here here was a defendant in the Pennsylvania lawsuit.  Accordingly, claim preclusion bars Flagg's successive action here.  For that reason, the motions of defendants to dismiss Flagg's complaint will be granted.